## THOMAS McFARLAND v. McHUGH ET AL.

WITHDRAWAL OF A DORMANT PARTNER.

Where a creditor of a partnership began to deal with it after the withdrawal of a dormant partner, such creditor never having dealt with the partnership while such dormant partner was a member of it; the fact that no notice of the

McFarland v. McHugh et al

withdrawal had been advertised would not make the partner liable to the creditor, even if the creditor believed, when he sold the goods to the partnership that such dormant partner was a member of the firm, unless such partner had held himself out to be a member of the firm.

ERROR to the Court of Common Pleas of Hamilton county.

SMITH, J.

It clearly appears from the evidence in this case, that prior to January 1, 1883, T. J. McFarland and his brother had been carrying on the wholesale boot and shoe business in this city, as partners, under the firm name of McFarland & Co. On the day named that partnership was dissolved by the retirement of F. B. McFarland, and a new one formed between S. J. McFarland and his father, Thomas McFarland, who continued in the same business under the same name, and in the same place, until July 26, 1884, when this partnership was dissolved by the withdrawal therefrom of Thomas McFarland, and a new partnership was then formed between S. J. McFarland and Paul E. Rust, who under the same firm name of McFarland & Co. continued to carry on the business in the same room until February 27, 1885, when the firm made an assignment. During the time that Thomas McFarland was a member of the firm, he took no part in the management of its business, which was conducted wholly by S. J. McFarland; all that Thomas McFarland had to do with it, was to put in a certain amount of capital. It appears that on two or three occasions, in answer to inquiries made of him, he stated that he was a partner in the business, but the McFarland of the firm who conducted the business manifestly was T. J. McFarland, the son. After his withdrawal from such partnership, Thomas McFarland was not about the place of business, and had no connection with the firm or its business.

After July 26, 1884, McHugh commenced the business of the manufacture and sale of shoes in this city, and in November or December, 1884, sold several small bills of goods to the then existing firm of McFarland & Co., which were paid for. On January 3d, 8th and 23d he sold other bills to the firm, which gave to him three notes therefor. After the failure of the firm, McHugh brought suit on these three notes against T. J. McFarland, Paul E. Rust and Thomas McFarland, the latter being joined on the theory that he was a member of the firm, or had held himself out as such. The two defendants first named made default, but Thomas McFarland answered denying the averments of the petition and all liability for the debts.

The evidence further showed that sign of " McFarland & Co.," which was on the store prior to July 26, 1884, was allowed to remain there, and McHugh testified that he saw it there in the spring of 1884, and also after the formation of the new firm. It also appeared, that after the retirement of McFarland, the new firm had the names of the two members, T. J. McFarland and Paul E. Rust, printed on the cards, letter heads and bills of the firm, and that McHugh saw them about the time of his dealing with McFarland & Co., and that a few of the old cards of the previous firm which did not have thereon the names of the partners, were occasionally used. On the dissolution of the firm on July 26, 1884, notice of this fact was given to those who had previously dealt with it, personally, and T. J. McFarland testified that he also caused the notice of such dissolution to be published in the Enquirer or Commercial, of this city—but no such notice was produced or otherwise proved, and the testimony of this witness was so indefinite and unsatisfactory on this point, that the

case should be considered by us as though no such notice was published here.

But we see nothing in the evidence tending to show that McHugh, before July 26, 1884, had any knowledge that Thomas Mc-Farland was a member of the firm of McFarland & Co., or that he (McFarland), ever did or said anything that should have induced McHugh to think or believe that he was a member of the firm when he dealt with it. It is true that the court allowed McHugh to testify that in the autumn of 1884, before he sold the goods, two or three persons told him that Thomas McFarland was a member of the firm, and that such was the general reputation in the community ; but as we understand the statement of the trial judge, this was not admitted to prove the fact that he was such partner, but to show that McHugh dealt with the firm on the faith that he was, and as to the general reputation that it might be, so wide spread as to raise a presumption that Thomas McFarland must have heard of it, and took no means to correct it. It is very doubtful whether such evidence is admissible for any purpose. But, however this may be, the proof as to general reputation was wholly insufficient, and it is shown that no such reputation came to the knowledge of McFarland, and that all statements made to McHugh as to his being a partner, were wholly un-warranted, and that he was not warranted in relying upon them, and that there was enough shown and stated to him to put him on inquiry as to who composed the firm.

On this state of the case we think the law to be thus :—1st. That if Thomas McFarland was a dormant partner in this firm, up to July 26, 1884, as we think the evidence shows that he was, and McHugh had never dealt with the firm while he was a member of it, as it is clear that he did not, the fact that no notice of the dissolution was advertised in a news-paper here, would not make Thomas McFarland liable to him for those notes, even if he believed when he sold the goods, that McFarland was a member of the firm, unless the latter had in some way held himself out to be a member of the firm, which is not claimed.

2nd. That if McFarland was an absolute or open partner, prior to July 26, 1884, and then entirely withdrew from all connection therewith, and McHugh had never dealt with the firm while he was a member there-of, and had no knowledge during that time that he was a member of the firm, and afterwards dealt with the new firm, McFarland having in no way held himself out as a member of the firm, and there being nothing to warrant McHugh in the belief that he was a member thereof, the fact that notice of such dissolution was not published, will not entitle him to recover against Thos. McFarland. 36 Ohio St., 135.

Under the law and the evidence, we think, the verdict and judgment against him were wrong, and should be reversed, with costs.

*Reemelin & Reemelin,* Atty's for Plaintiff in Error.

*Cowan, Ferris & Swing,* Atty's for Defendants in Error.